IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERICKY ARNEZZ BOGUES #327-505
    Petitioner                                 :

    v.                                        :      CIVIL ACTION NO. CCB-11-2724

BOBBY P. SHEARIN, et al.,          :
    Respondents

**MEMORANDUM**

On September 21, 2011,[1] petitioner Ericky Arnezz Bogues filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 2005 convictions for attempted first-degree murder, second-degree murder, and a weapons offense.[2] ECF No. 1 at 2, ¶ 4; ECF No. 7, Exhibits 1 and 2. Respondents filed an answer which solely addressed the timeliness of petitioner's application. ECF No. 7. Petitioner was advised of his opportunity to file a reply (ECF No. 8), and has done so. ECF No. 9. Based on that submission, the court ordered respondents to file a supplemental response. ECF No. 11. Respondents have done so (ECF No. 19), and petitioner has filed a surreply. ECF No. 20. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the petition as time-barred and deny a certificate of appealability.

**Procedural History**

On April 28, 2005, petitioner pleaded guilty in the Circuit Court for Baltimore City to one count of attempted first-degree murder, one count of second-degree murder, and a weapons offense. Sentence was imposed that same day. ECF No. 7, Exhibits 1 and 2. Petitioner did not seek leave to appeal. *Id.* Thus, petitioner's conviction became final for direct appeal purposes on May 31 2005, when the time for seeking leave to appeal expired.[3]

---

[1] The petition is dated September 12, 2011, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).
[2] Petitioner was sentenced to serve thirty years of incarceration. ECF No. 1 at 1, ¶ 3.
[3] *See* Md. Code Ann., Cts & Jud. Proc. Art., § 12-302(e) (appeal of guilty plea is by way of application for leave to appeal) and Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

Nearly three years later, on February 26, 2008, petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. ECF No. 7, Exhibits 1 and 2. On March 23, 2009, the Circuit Court granted petitioner the right to file a belated motion for reduction or modification of sentence, but otherwise denied post-conviction relief. *Id*. Petitioner's application for leave to appeal the denial of relief was rejected by the Court of Special Appeals of Maryland on June 2, 2010, with the mandate issuing on July 9, 2010. *Id*., Exhibit 3.

On August 25, 2011, petitioner sought to reopen post-conviction proceedings, raising a claim that exculpatory information had been withheld from him in violation of *Brady v. Maryland*, 373 U.S. 83 (1986). ECF Nos. 9 and 22. The motion was denied on September 6, 2011. ECF No. 7, Exhibits 1 and 2. Petitioner claims that he is entitled to a waiver of the one-year limitations period as any delay in completing post-conviction review is attributable to the State, which will not provide him with discovery material in violation of *Brady v. Maryland.* ECF Nos. 9 and 22.

**Standard of Review**

Title 28 U. S. C. § 2244(d)[4] provides a one-year statute of limitations in non-capital cases for those convicted in state court. This one-year period is, however, tolled while properly filed

---

[4]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

post-conviction proceedings are pending and may otherwise be equitably tolled.[5]  *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

**Background**

Two separate offenses are at issue.  On April 28, 2005, petitioner pled guilty to one count of second-degree murder in Case Number 104267065 and one count of attempted first-degree murder and a handgun offense in Case Numbers 104364031-32.  ECF No. 19, Exhibit 4 at 2-17.  In exchange for the pleas, other charges were nol prossed. *Id.* The court conducted a colloquy with petitioner to insure that the pleas were being entered knowingly and voluntarily and concluded that they were. *Id*.

In support of the second-degree murder conviction in Case Number 104267065, the State proffered evidence establishing that on August 1, 2004, petitioner shot and killed Robert Joseph. *Id*. at 10. The investigation of Joseph's death determined that Joseph had borrowed a vehicle belonging to Tyrah Adams, which had not been returned for several weeks. *Id*. at 11. On August 1, 2004, Adams, accompanied by three other females, confronted Joseph about the missing vehicle. *Id*. One of the females who accompanied Adams, Genevieve Hayes, was interviewed by the police.  *Id*. at 12. Hayes told the police that Adams contacted petitioner to help her get her car back.  *Id*. at 13. At some point later in the day, petitioner contacted Adams, and Adams and Hayes went to pick him up. *Id*. When petitioner got into their car, he told them that he had shot Joseph six times in the face, chest and body. *Id*. at 13-14. Hayes stated that petitioner had in his possession several personal items belonging to Joseph. *Id*. at 14. The State proffered further that Adams would testify to the same events related by Ms. Hayes, including petitioner's admission concerning the shooting.  *Id*. at 14-15.  In addition, the medical examiner would testify that Joseph died "from multiple gunshot wounds." *Id*. at 15. After the defense accepted the statement of the facts as recited, the court accepted petitioner's plea to second-degree murder. *Id*. at 15-16.

---

[5] In *Holland v. Florida*, the Supreme Court concluded that equitable tolling applies to the statute of limitations for post-conviction petitions filed under § 2254. 130 S.Ct. 2549, 2554 (2010). Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d at 329-30; *see also Lusk v. Ballard*, 2010 WL 3061482, at *6-7 (N.D. W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

In support of the attempted first-degree murder and handgun charges in Case Numbers 104364031-32, the State proffered that, on August 23, 2004, petitioner arrived at a dice game and asked Amos Johnson to make change for a "hack" he had used to get there. *Id*. at 16. After Johnson refused to make change, petitioner shot Johnson in the face. *Id*. at 16-17. As Johnson fled, petitioner shot him in the back. *Id*. at 17. The State proffered that it would produce three witnesses, Johnson (who knew petitioner from the neighborhood, *id*. at 17), Tyra Adams, and Raynard Pratt, who would all identify petitioner as the person who shot Johnson. *Id*. After the defense accepted the statement of the facts as recited, the court accepted petitioner's plea to attempted first-degree murder and unlawful use of a handgun. *Id*. at 17. On the same day, the court sentenced petitioner to serve 30 years in prison for second-degree murder, 30 years in prison for attempted first-degree murder, and 20 years in prison for the handgun offense, with all sentences to be served concurrently. *Id*. at 21. The court agreed to make a recommendation that petitioner receive treatment at Patuxent Institution. *Id*. at 22. Petitioner did not seek leave to appeal the convictions or sentences.

Nearly three years later, on February 26, 2008, petitioner, then self-represented, sought post-conviction relief in the Circuit Court for Baltimore City, alleging that his pleas were not knowingly and voluntarily entered, and his trial counsel was ineffective for failing to perfect his post-judgment rights. *Id*., Exhibit 5. On May 8, 2008, petitioner filed a motion to produce documents. *Id.,* Exhibit 1 at 4. On or about October 10, 2008, assigned counsel filed a supplement to the post-conviction petition, arguing that petitioner's pleas were not knowingly and voluntarily entered, and that trial counsel was ineffective for failing to prepare the case for trial and failing to explain to petitioner the rights he was relinquishing by pleading guilty. *Id.,* Exhibit 6.

At the post-conviction hearing, petitioner, through counsel, claimed his pleas were not knowing and voluntary because the court did not explain the nature of the charges. *Id*., Exhibit 7 at 5-6. Petitioner testified initially at the post-conviction hearing that his trial counsel, Paul Polansky, Esquire, who represented him on the murder charge,[6] failed to file a motion for modification of sentence on his behalf. *Id*. at 9-10. The State had no objection to petitioner filing

---

[6] Richard Woods represented petitioner in the first-degree attempted murder case as well as on unrelated narcotics charges that were dismissed pursuant to the plea agreement. ECF No. 19, Exhibit 1 at 3-5. Both Polansky and Woods were present at the plea hearing.

a belated motion for modification of sentence, and the court agreed to permit him to do so. *Id*. at 11-13.

Petitioner also testified that Polansky did not inform him of the nature of the charges against him. *Id*. at 13-14. He stated that neither of his attorneys informed him about his right to file an application for leave to appeal the entry of his guilty pleas. *Id*. at 14-16. Petitioner testified that he pled guilty because his trial counsel had not prepared a defense for the cases. *Id*. at 16-18. He acknowledged that he was aware of the witnesses against him, *id*. at 19, and indicated that he reviewed discovery in the murder case with Polansky. *Id*. at 19-20. Petitioner testified that he told Polansky he wanted to go to trial, and acknowledged that Polansky sent him a letter wherein Polansky stated that he was prepared to take the case to trial. *Id*. at 19-21.

Polansky testified at the post-conviction hearing as a State's witness. *Id*. at 27. Polansky stated that he met with petitioner approximately six times and discussed the charges against him in all the cases, which petitioner indicated he understood. *Id*. at 29-31, 38. Polansky, who stated that he "absolutely" was prepared to take the case to trial, testified that petitioner made the decision to enter the guilty plea. *Id*. at 33-35. In closing argument, post-conviction counsel emphasized that petitioner's pleas were defective because the trial court failed to inform him of the nature of the murder and attempted murder charges. *Id*. at 40-43. Counsel also argued, presumably to overcome waiver, that defense counsel should have further informed petitioner with respect to his right to file an application for leave to appeal the entry of his pleas. *Id*. at 43. The State countered that the plea was not defective as alleged. *Id*. at 44-46.

By opinion and order filed on March 23, 2009, the circuit court granted petitioner the right to file a belated motion for reduction or modification of sentence, but otherwise denied post-conviction relief. ECF No. 19, Exhibit 8. The post-conviction court found the following claims raised: (A) the guilty plea was not knowingly and voluntarily entered because (1) petitioner was not informed of the advantages of proceeding to trial versus a guilty plea, and (2) because trial counsel did not advise him of the nature of the charges against him; and (B) trial counsel was ineffective for (1) failing to advise him of his appellate rights, (2) failing to file a motion for modification of sentence, and (3) failing to prepare adequately for trial. *Id*. The post-conviction court found that the trial court fully advised petitioner of the differences between a guilty plea and a trial. *Id*. at 3. The court then determined from the record that petitioner was

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

informed of, and understood, the nature of the charges against him prior to entering the pleas. *Id*. at 4-6. The court found that defense counsel prepared adequately for trial. *Id*. at 6-10.

Petitioner filed an application for leave to appeal the adverse ruling, alleging that Polansky was ineffective for failing to investigate the case and explain the nature of the charges against him. *Id*., Exhibit 9. In the context of his failure to investigate claim, petitioner referenced a statement allegedly given by Tyrah Adams that should have been discovered by counsel. *Id*. Petitioner also alleged that the trial court failed to inform him of the nature of the charges against him. *Id*. The application for leave to appeal was denied summarily in an unreported opinion filed by the Court of Special Appeals of Maryland on June 9, 2010, with the court's mandate issuing on July 9, 2010. *Id.,* Exhibit 3.

On August 25, 2011, petitioner filed a motion to reopen post-conviction proceedings. *Id.,* Exhibit 10. In that initial motion, petitioner argued that (A) the state failed to disclose exculpatory evidence, (B) trial counsel was ineffective, and (C) the trial court erred in accepting his guilty plea. *Id*. With respect to the prosecutorial misconduct claim, petitioner claimed, as he does here, that the State failed to comply with the post-conviction court's order to produce documents. *Id*. In a subsequently filed supplement to the motion to reopen, petitioner again alleged prosecutorial misconduct for failure to comply with the post-conviction court's discovery order. *Id*. In essence, petitioner suggested that the State failed to disclose information that could have been used to impeach State's witnesses had the case gone to trial. *Id*. The circuit court denied the motion on September 6, 2011. *Id.,* Exhibit 11. Petitioner did not file an application for leave to appeal the denial of his motion to reopen post-conviction proceedings. *Id.,* Exhibit 2.

**Analysis**

Under *Brady v. Maryland*, exculpatory information must be disclosed to the defense prior to trial. When reliability of a witness may be determinative of guilt or innocence, nondisclosure of evidence that affects that witness's credibility constitutes a denial of due process. *See Giglio v. United States*, 405 U.S. 150 (1972) (failure to disclose promise made to prosecution's key witness). Here, petitioner contends that had he known his codefendant, Tyrah Adams, had been offered special consideration in exchange for testimony against petitioner,[7] he would have

---

[7] Tyrah Adams has been named a defendant in six criminal cases filed in Maryland. Five of those matters do not appear to relate in any way to petitioner's criminal cases, which were prosecuted in 2004-2005. *See*

proceeded to trial and used that information to impeach Adams' testimony.[8] ECF No. 9 at 3 and ECF No. 20 at 4-5. Petitioner further claims that the State is in possession of a statement in which Adams admitted that she – not petitioner – committed the homicide. ECF No. 20 at 5-6.

The court notes that petitioner's *Brady* claim finds no support in the record. It appears petitioner raised the issue of undisclosed exculpatory evidence in his initial self-represented post-conviction petition. ECF No. 9 at 3; *see also* ECF No. 7, Exhibit 1 at 4. Thereafter, counsel was appointed and a supplemental post-conviction petition filed. Neither the supplemental petition nor the testimony at the post-conviction hearing raise any claim that proper discovery did not occur prior to petitioner's plea. Petitioner's assertion of a *Brady* violation based on the State's failure to respond to his self-represented request for discovery arose prior to the plea agreement and cannot serve to toll the limitations period. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (limitations period begins when prisoner knows or through diligence should discover important facts, not when prisoner recognizes their legal significance); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001); *Munchinski v. Wilson,* --- F.3d ----, 2012 WL 3937429, at *14 (3d Cir. 2012) (petitioner's *Brady* claims based on reports of interviews with witnesses filed more than one year from date of their discovery untimely under 28 U.S.C. §2244(d)(1)(D)).

The facts of this case do not support petitioner's argument favoring statutory or equitable tolling in this case. The petition is time-barred under 28 U.S.C. § 2244(d)(1)(D).

## Certificate of Appealability

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…if the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of

---

http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis. Case No. 104349038, filed in the Circuit Court for Baltimore City, is restricted on the electronic docket. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=104349038&loc=69&detailLoc=DSK8 Presumably this is the case referenced by petitioner.

[8] The court notes that in the murder case an additional witness, Genevieve Hayes, who has no apparent criminal history, also was available to testify that petitioner stated he had killed the victim and was in possession of the victim's personal property. In the attempted murder case, the victim, who survived, knew petitioner.

reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

      Petitioner has not satisfied this standard, and the court declines to issue a certificate of appealability.   A separate order follows.


<u>September 19, 2012</u>                                                 _____/s/_____
Date                                                              Catherine C. Blake
                                                                       United States District Judge